**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                                       **CRIMINAL ACTION NO. 1:97CR-6-M-8**

**DANNY RAY EAKLES**                                                                  **DEFENDANT**

## MEMORANDUM OPINION & ORDER

Citing financial difficulties, Defendant Danny Ray Eakles filed a *pro se* motion asking the Court to stay or otherwise modify its prior order of garnishment. The United States has responded to the motion.[1] The motion is now ripe. For the reasons set forth below, the Court will deny Defendant's motion.

A jury found Defendant Eakles guilty of conspiracy to commit mail and wire fraud. By Judgment and Commitment entered on June 22, 1998, this Court sentenced Defendant Eakles to 21 months incarceration and ordered him to pay restitution of $81,490.62 to multiple non-federal victims.

While incarcerated, Defendant Eakles made several $25.00 payments towards his restitution debt. Upon his release from custody in 2000, he executed a restitution payment plan agreement wherein he agreed to make monthly payments of $125.00 and also to voluntarily surrender any federal and/or state tax refunds to the Clerk of Court. According to the United States, "Defendant failed to make payments at the end of 2000 and also in 2001, and also failed to turn over his 2000 tax refunds."

On August 13, 2001, the United States filed an Application For Writ of Continuing

---

[1] Defendant Eakles did not file a reply within the time provided by the Court for him to do so.

Garnishment. From 2001 through December 2004, the United States collected a total of $12,246.27 through its garnishment. However, on December 16, 2004, Defendant Eakles and his spouse, filed a joint Chapter 7 Bankruptcy. The United States's garnishment was terminated during the bankruptcy.

As Defendant Eakles did not make any voluntarily payments after the conclusion of his bankruptcy, the United States applied for another garnishment. Defendant Eakles was served with the garnishment pleading on April 29, 2008, but did not request a hearing or otherwise respond. He now asks the Court to discontinue or stay the garnishment to "let me get caught up." He indicates in his motion that he is having financial problems, but he does not detail the nature of his problems or provide the Court with any evidence to support his claims.

Prior to responding to Defendant Eakles's motion, the United States asked him to complete a Financial Statement so that it could evaluate his financial condition. Defendant returned the completed financial statement-- without copies of his tax returns or wage statements. The United States notes that the statement shows that Defendant Eakles is paying for a car for his 20-year-old son ($159.66 per month), and paying for a motorcycle ($129.50). The car and the motorcycle are in addition to a pickup truck which Defendant also owns.

Since his release from incarceration in 2000, Defendant Eakles has demonstrated an unwillingness to voluntarily satisfy his restitution responsibilities. The United States has twice been forced to garnish his wages to collect the restitution due to the victims of Defendant's crimes. While the garnishment is no doubt a financial burden to Defendant, it is both a part of his punishment and necessary to compensate the victims of his crimes. The garnishment does not appear to be preventing Defendant from obtaining any life necessities (food, shelter, clothing

or medical care). While Defendant may have to do without some "extras" while the garnishment is in place, this is the price he must pay for his past criminal activities. Defendant Eakles has not justified his request for a stay or modification of the garnishment.

For the reasons set forth above, **IT IS ORDERED** that Defendant's motion (DN 747) is **DENIED**.

Date:


cc: Defendant Danny Ray Eakles
 United States Attorney
4414.008